SUPERIOR COURT 
 
 COMMONWEALTH v. JOSE ROSADO-NAZARIO

 
 Docket:
 2081CR00319
 
 
 Dates:
 November 25, 2024
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 MIDDLESEX
 

 
 Keywords:
 DECISION AND ORDER ALLOWING DEFENDANT’S MOTION TO DISMISS PURSUANT TO G.L. C. 123, § 16(F)
 
 

 The Commonwealth alleges that Jose Rosado-Nazario threatened to shoot someone that he knew and to damage the car that they were driving, threw a brick that damaged the car, and brandished a firearm toward that person and their companion. Mr. Rosado-Nazario has been indicted for two counts of assault with a dangerous weapon as well as unlawful possession of a firearm (second offense) and ammunition, possession of a firearm while committing a felony (which is a life felony), and malicious damage to a motor vehicle. The firearm and ammunition charges are accompanied by indictments alleging that Mr. Rosado-Nazario is subject to enhanced penalties as an armed career criminal with convictions for two serious drug offenses on his record.
The Court recently found, after an evidentiary hearing, that Mr. Rosado- Nazario is not competent to stand trial because he suffers from severe and permanent mental impairments that prevent him from understanding the proceeding against him, consulting meaningfully with his lawyer, or helping to prepare or making decisions about his defense.
The Court also found that Rosado-Nazario’s cognitive limitations appear to be permanent, his intellectual function is not likely to improve with any kind of treatment, and it is therefore very unlikely he will ever be competent to stand trial. As the Court explained in its prior ruling, Rosado-Nazario has not been competent to stand trial since at least 2018 and probably much earlier.
Based on the Court’s recent findings, Defense counsel has asked the Court to dismiss the charges in this case in the interest of justice because Mr. Rosado- Nazario is unlikely ever to become competent.
For the reasons discussed below, the Court will exercise its discretion under G.L. c. 123, § 16(f), to dismiss the charges in this case, without prejudice, in the interest of justice.
 
                                                            -1-
 
1. Legal Background—Competence to Stand Trial. It would violate the requirements of due process under the Massachusetts Declaration of Rights and under the United States Constitution to try, convict, or sentence someone on criminal charges if they are not legally competent to participate in their defense at trial. Commonwealth v. Companonio, 445 Mass. 39, 48 (2005); Cooper v. Oklahoma, 517 U.S. 348, 354 (1996). Where the issue of competency arises before trial, the Commonwealth has “the burden of proving, by a preponderance of the evidence, that [the] defendant is competent to stand trial.” Companonio, supra, quoting Commonwealth v. Serino, 436 Mass. 408, 414 (2002).
Whether a defendant is competent to stand trial depends on their “ ‘functional abilities’ rather than ‘the presence or absence of any particular psychiatric diagnosis.’ ” Commonwealth v. Gibson, 474 Mass. 726, 737 (2016), quoting Commonwealth v. Goodreau, 442 Mass. 341, 350 (2004).
“Under both the Fourteenth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights, ‘[i]t has long been accepted that a person whose mental condition is such that he [or she] lacks the capacity to understand the nature and object of the proceedings against him [or her], to consult with counsel, and to assist in preparing his [or her] defense may not be subjected to a trial’ ” (bracketed material in original). Commonwealth v. Chatman, 473 Mass. 840, 846 (2016), quoting Commonwealth v. Brown, 449 Mass. 747, 759 (2007), quoting in turn Drope v. Missouri, 420 U.S. 152, 171 (1975).
A criminal defendant who lacks these functional abilities is not competent to stand trial. Commonwealth v. L’Abbe, 421 Mass. 262, 266 (1995). It is not enough for a defendant to have a minimally sufficient understanding of the nature of the proceedings. The defendant must also have “the capacity to consult with his lawyer and to assist in preparing his defense.” Id. That is because someone who lacks these abilities cannot meaningfully exercise “those rights deemed essential to a fair trial, including the right to effective assistance of counsel, the rights to summon, to confront, and to cross-examine witnesses, and the right to testify on one’s own behalf or to remain silent without penalty for doing so.” Cooper v. Oklahoma, 517 U.S. 348, 354 (1996), quoting Riggins v. Nevada, 504 U.S. 127, 139–40 (1992) (Kennedy, J., concurring in the judgment).
2. Procedural Background and Prior Findings of Fact. Three months ago, the Court conducted a two-day evidentiary hearing to explore opinions by Dr. Sara Laniado and Dr. Robert Mendoza about whether Mr. Rosado-Nazario was competent to stand trial. The Court issued a written decision with its findings.
 
                                                            -2-
 
The Court explained in some detail the 20-year history of Rosado-Nazario being found to suffer from serious intellectual and cognitive deficits, and especially the repeated conclusions by clinicians over the past six years that Rosado-Nazario was not competent to stand trial. The Court incorporates section 2.1 of its prior decisions, with its findings as to this history, by reference.
In addition, the Court made the following findings as to Mr. Rosado-Nazario’s present and evidently permanent lack of competent to stand trial. The Court reproduces these prior findings here for the convenience of the reader:
The Court finds that Mr. Rosado-Nazario is not competent to stand trial because (i) he lacks an adequate rational and factual understanding of the proceeding against him, and (ii) he does not have the ability to consult with his attorneys, help to prepare his defense, and make decisions such as whether to testify at trial or plead guilty to the charges against him with a reasonable degree of rational understanding.
The Court credits the opinions by Dr. Robert Mendoza, Dr. Karen Towers, Dr. Andrea Buonaugurio, Dr. Gabriela Szemes, Dr. Crystal Cookman that Mr. Rosado-Nazario suffers from substantial and permanent cognitive limitations that interfere with the functional abilities that one needs to be competent to stand trial. It also credits and relies upon the earlier findings and conclusions by Dr. Lauren Lussier and evaluators in the Lawrence Public Schools regarding Mr. Rosado-Nazario’s significant cognitive limitations.
Based on these opinions, the Court finds that Mr. Rosado-Nazario’s severe cognitive limitations appear to be permanent, his intellectual function is not likely to improve with any kind of treatment, and it is therefore very unlikely he will ever be competent to stand trial.
The Court does not credit the contrary conclusions by Dr. Sara Lanaido and Dr. Lindsey Sank Davis.
Dr. Lanaido’s criticisms of the testing that Dr. Mendoza administered to Mr. Rosado-Nazario are without merit. Dr. Lanaido says Dr. Mendoza should have included at least three tests of potential malingering or effort in the battery of psychological tests that he administered. The Court credits Dr. Mendoza’s explanation that he included five performance validity tests to determine whether Mr. Rosado-Nazario was malingering, and his
 
                                                            -3-
 
conclusion that it was unlikely that Mr. Rosado-Nazario was attempting to exaggerate or feign cognitive symptoms.
The Court does not credit Dr. Lanaido’s opinions that Mr. Rosado- Nazario’s ability to live independently, maintain a paying job, adapt to the rules and structure imposed on him while being held at Bridgewater State Hospital, and communicate in both Spanish and England demonstrate that he is not severely cognitively impaired.
Instead, it credits Dr. Mendoza’s opinions that (I) being able to care for oneself and obtain a driver’s license is not at all correlated with intelligence or cognitive abilities, (ii) Mr. Rosado-Nazario’s ability to keep manual labor jobs that are visually and not verbally based is entirely consistent with his demonstrate lack of competence to stand trial, (iii) some with serious cognitive limitations will do better if given clear rules and structure to follow, and Ms. Rosado-Nazario’s ability to follow the rules and structure imposed on him at Bridgewater is entirely consistent with the sort of severe cognitive deficits confirmed by Dr. Mendoza’s testing, and (iv) being bilingual is not an indication of being competent or smart, and there is no correlation at all between multilingualism and competence to stand trial.
The Court did not credit Dr. Lanaido’s opinions in part because she did not conduct any testing of Mr. Rosado-Nazario’s cognitive abilities, and testified that she was not sure what testing had been administered by other clinicians. In other words, Dr. Lanaido reached conclusions without full information about Rosado-Nazario’s cognitive deficits.
3. Analysis. The Court will exercise its discretion to allow the motion by Mr. Rosado-Nazario seeking dismissal of the charges against him, as permitted by statute, because there is essentially no chance that Mr. Rosado-Nazario could become competent in the foreseeable future, or at any time before the charges in this case would have to be dismissed by law.
It concludes that the pending indictments should therefore be dismissed without prejudice in the interest of justice pursuant to G.L. c. 123, § 16(f). See generally Commonwealth v. Calvaire, 476 Mass. 242, 247-248 (2017) (citing with approval dismissal in Commonwealth v. Guinta, Norfolk Sup. Ct. No. 2004- 00088,   2011   WL   3480959   (Mar.   31,   2011)   (Sanders,   J.));   see   also, e.g., Commonwealth  v.  Santiago,  Middlesex  Sup.  Ct.  No.  1981CR00093,  2021 WL
 
                                                            -4-
 
4192370 (Aug. 23, 2021) (Salinger, J.); Commonwealth v. Turner, Suffolk Sup. Ct. No. 1584CR10008, 2018 WL 4096110 (Aug. 27, 2018) (Salinger, J.).
3.1. The Statutory Framework. Under Massachusetts law, criminal charges against a defendant who is not competent to stand trial must be dismissed no later than the latest date the defendant would be eligible for parole if convicted of the most serious crime charged and sentenced to the maximum possible sentence for that crime. See G.L. c. 123, § 16(f); Foss v. Commonwealth, 437 Mass. 584, 591 (2002). “Under the statute, parole eligibility ‘shall be regarded as [available on the final date of] one half of the maximum … potential sentence.” Calvaire, 476 Mass. at 244, quoting § 16(f). This means that any charge against a defendant who is not competent to stand trial “must be dismissed after it has been pending for one-half of the maximum sentence he or she faces.” Id. For a felony with a maximum sentence of life in prison, where it is impossible to calculate one-half the maximum sentence, § 16(f) requires dismissal no later than the last date the defendant could be eligible for parole if convicted and given a life sentence.
The charges against Rosado-Nazario must be dismissed on December 8, 2045, if he does not become competent to stand trial by then. Mr. Rosado-Nazario could receive a life sentence if convicted of possessing a firearm while committing a felony. See G.L. c. 265, § 18B. His parole eligibility date could be as long as 25 years. See G.L. c. 279, § 24. Since Rosado-Nazario was arraigned on December 8, 2020, the statutory maximum period for keeping these charges pending if Rosado-Nazario remains incompetent would end on December 8, 2045.
The Court finds that there is no substantial probability that Rosado-Nazario will become competent in the foreseeable future or at any time between now and December 2045. The record suggests that he was been incompetent for the last 20 years and that his condition is untreatable.
In addition, however, the Legislature has authorized judges to dismiss charges against a criminal defendant before that outside date if doing so is “in the interest of justice.” G.L. c. 123, § 16(f). Under this “safety valve,” the court “may consider factors that are not relevant to the statutory computation” of the maximum time that charges may remain pending against an incompetent defendant. Calvaire, 476 Mass. at 247. For example, “[u]se of the safety valve may be warranted in a case where … the defendant’s chances of being restored to competency are slim.” Id.
 
                                                            -5-
 
3.2. Public Safety Argument. The Commonwealth argues that dismissal of the indictments against Mr. Rosado-Nazario without prejudice under G.L. c. 123, § 16(f), would not be in the interest of justice, because keeping this case open would somehow promote public safety.
The Court understands the Commonwealth to be arguing that if the case remains pending then Mr. Rosado-Nazario may remain subject to the conditions of release that he stay away from and have no contact with the alleged victim, wear a GPS device to enforce an exclusion zone around the alleged victim’s residence, and commit no new crimes.
Pretrial conditions of release have teeth only if a defendant awaiting trial could be taken into custody and detained if he were to violate the terms of his release.
But any violation of conditions of release could not result in Mr. Rosado- Nazario being held in custody. Since Mr. Rosado-Nazario is not competent to stand trial and highly unlikely ever to become competent, it would be unconstitutional to take him into custody while he waits for a trial that never can take place, even if Mr. Rosado-Nazario were to violate the conditions of his pre-trial release.
If there is little to no chance that a defendant “will become legally competent in the foreseeable future,” as in this case, it would violate the constitutional requirements of due process to hold them in pretrial detention. See Abbott A. v. Commonwealth, 458 Mass. 24, 37 (2010); Jackson v. Indiana, 406 U.S. 715, 731–738 (1972). An incompetent defendant “may not be held in criminal custody awaiting trial ‘more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain [competency] in the foreseeable future.’ ” Abbott A., supra, quoting Jackson, 406 U.S. at 738. Even if a defendant is expected to achieve competence in the foreseeable future, they cannot continue to be held in custody pending trial unless they have in fact “made progress toward achieving competence.” Abbott A., 458 Mass. at 39.
Since Mr. Rosado-Nazario is not and will likely never become competent to stand trial, it would be unlawful for the Commonwealth to seek to have him detained awaiting trial even if he were to violate the conditions of his release. As a result, keeping the charges in this case pending against Mr. Rosado- Nazario would do nothing to promote public safety.
If the Commonwealth believes that Mr. Rosado-Nazario is mentally ill and as a result poses a danger to himself or to others, then it should seek to have him
 
                                                            -6-
 
involuntarily committed pursuant to G.L. c. 123, §§ 7 and 8. See Abbot A, 458 Mass. at 40-41. But a criminal defendant may not be held in custody on the ground that they have violated a condition of release, or even after having been found dangerous by clear and convincing evidence under G.L. c. 276, § 58A, if (as in this case) they are not competent to stand trial, are making no progress toward becoming competent, and are not likely to attain competency in the near future. Id. at 37–41.
Sharris v. Commonwealth, 480 Mass. 586 (2018), is not to the contrary. It does not hold or even imply that indictments against a defendant who is unlikely ever to be competent to stand trial may or should be dismissed under § 16(f) in the interest of justice only if the defendant cannot possibly pose any threat to public safety, as the Commonwealth suggests. Instead, Sharris holds that, although defendants convicted of first degree murder are never eligible for parole and thus are not eligible for discretionary dismissal of charges under § 16(f) in the interest of justice, substantive due process nonetheless “requires dismissal of the charges where a defendant will never regain competency and maintaining the charges does not serve the compelling State interest of protecting the public.” Id., 480 Mass. at 593. Since Mr. Rosado-Nazario has not been indicted for first degree murder, this holding and the related analysis in Sharris do not govern here.
3.3. Dismissal in the Interest of Justice. The Commonwealth cannot point to any other reason why the charges against Mr. Rosado-Nazario should be left open even though he will most certainly never become competent to stand trial.
Under these circumstances, keeping the pending charges alive indefinitely, perhaps for decades, would appear to violate the constitutional requirements of due process. If a defendant is not competent to stand trial and “will never become competent, allowing charges that can never be resolved at a trial to remain pending indefinitely is inconsistent with his right to substantive due process.” Sharris, 480 Mass. at 601–602. “[A] defendant’s liberty interest may be restricted simply by the pendency of criminal charges, even where the defendant is not held in custody.” Id. at 597. Even where a criminal defendant is not detained awaiting trial, pending criminal charges may subject a defendant to public scorn, limit where they can live or work or obtain medical care, and curtail the defendant’s personal activities. See id. at 595, 597. Thus, holding criminal charges open indefinitely for years against an incompetent defendant who will never be able to hold the Commonwealth to its burden of
 
                                                            -7-
 
proving guilt beyond a reasonable doubt would violate such a defendant’s “fundamental liberty interest.” See id. at 601–602.
In any case, in the exercise of its discretion the Court concludes that,  since Mr. Rosado-Nazario has been repeatedly found by clinicians to be incompetent to stand trial for years, the Court has found that the two contrary opinions were not credible, and there is no reason to believe that Rosado-Nazario will ever become competent, the pending indictments should be dismissed without prejudice in the interest of justice. See Calvaire, 476 Mass. at 247-248.
The evident purpose of G.L. c. 123, § 16(f), including the safety valve provision, is “to allow the Commonwealth some time to pursue the legitimate and proper purpose of prosecuting charged crimes, but not for a period of time longer than is reasonably necessary to ascertain the defendant’s chances of regaining competency.” Calvaire, 476 Mass. at 246.
The Commonwealth has had almost four years while this case was pending to ascertain Mr. Rosado-Nazario’s chances of ever becoming competent to stand trial. The Commonwealth has failed to meet its burden of proving that Mr. Rosado-Nazario is competent to stand trial, and has also not proved that there is any reasonable likelihood that Rosado-Nazario will ever become competent. Dismissal of the indictments in this case, without prejudice, is therefore in the interest of justice.
ORDER
Defendant’s motion to dismiss the charges in this case in the interest of justice under G.L. c. 123, § 16(f), is allowed because Defendant is not competent to stand trial and it is highly unlikely that he will ever become competent. The indictments in this case are hereby dismissed without prejudice.